OFFICE OF DISCIPLINARY COUNSEL *v.* MORFORD.

[Cite as *Disciplinary Counsel v. Morford* (1999), 84 Ohio St.3d 1235.]

(No. 89–1101—Submitted December 16, 1998—Decided January 5, 1999.)

ON APPLICATION FOR REINSTATEMENT.

This cause came on for further consideration upon the filing of a petition for reinstatement by respondent, Warren N. Morford, Jr. In accordance with Gov. Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline. The Board of Commissioners on Grievances and Discipline filed its Final Report in this court on October 21, 1998, recommending that Warren N. Morford, Jr., be reinstated to the practice of law in the state of Ohio contingent on successful completion of a probationary period of two years on the condition that all court-determined child-support arrearages be paid in full within two years. No objections to said Final Report were filed.

The court now considers its order of October 25, 1989, indefinitely suspending respondent, Warren N. Morford, Jr., from the practice of law pursuant to Gov.Bar R. V(7)(b) (now [6][B][2] ). On consideration thereof and the Final Report of the Board of Commissioners on Grievances and Discipline,

IT IS ORDERED by the court that the respondent, Warren N. Morford, Jr., Attorney Registration No. 0038031, last known address in Nitro, West Virginia, be, and hereby is, reinstated to the practice of law in Ohio contingent on his successful completion of a two-year probationary period on the condition that all court-determined child-support arrearages be paid in full within two years.

IT IS FURTHER ORDERED, *sua sponte,* that on or before two years from the date of this order, respondent file with the Clerk of this court and with Disciplinary Counsel written evidence demonstrating that he has paid all court-determined child-support arrearages in full.

IT IS FURTHER ORDERED that on or before thirty days from the date of this order, relator, Disciplinary Counsel, file with the Clerk's Office of this court the name of the attorney who will monitor respondent in accordance with Gov.Bar R. V(9). It is further ordered that at the end of the probationary period, relator shall file with the Clerk's Office a report indicating whether respondent has complied with the terms and conditions of this probation.

IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $757.67, less the deposit of $500, for a total balance due of $257.67, which costs shall be payable to this court on or before ninety days from the date of this order, by certified check or money order. It is further ordered that if these costs are not paid in full on or before ninety days

from the date of this order, interest at the rate of ten percent per annum shall accrue as of ninety days from the date of this order, on the balance of unpaid board costs. It is further ordered that if costs are not paid in full on or before ninety days from the date of this order, respondent may be found in contempt and may be suspended until costs, including any accrued interest, are paid in full.

IT IS FURTHER ORDERED that at the end of the probationary period, respondent may apply for termination of probation. It is further ordered that respondent's probation shall not be terminated until (1) he applies for termination of probation in accordance with Gov.Bar R. V(9) and meets the requirements of having his probation terminated; (2) he complies with this and all other orders issued by this court; (3) he complies with the Supreme Court Rules for the Government of the Bar of Ohio; (4) relator files a report with the Clerk's Office of this court indicating that respondent has complied with the terms and conditions of his monitored probation, including confirmation that respondent has paid all court-determined child-support arrearages in full within two years; and (5) this court enters an order terminating his probation.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

For earlier case, see *Disciplinary Counsel v. Morford* (1989), 46 Ohio St.3d 173, 545 N.E.2d 1254.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.